UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CELESTE SAMUDIO,** *Plaintiff* | § § § | |
| v. | § § | No. 1:23-CV-00320-DII |
| **LIQUID TRANSPORT, LLC, TYRONE LARRY PHELPS,** *Defendants* | § § § | |

**ORDER**

Before the Court is Plaintiff Celeste Samudio's Motion for Expedited Hearing, Dkt. 18; and all related briefing. After reviewing these filings and the relevant law, the undersigned issues the following order denying Samudio's motion.

Samudio filed a Motion to Compel Defendants' Depositions related to the depositions of Defendant Tyrone Larry Phelps, her supervisor at Defendant Liquid Transport, and Liquid Transport's Corporate Representative. Dkt. 12, at 1. Samudio now moves for an expedited hearing on her motion to compel and requests that the Court hold the hearing soon enough for the related depositions to take place before the end of July 2023. Dkt. 18, at 2. At the latest, Samudio seeks to conduct the related depositions before August 26, 2023, the expiration of the statute of limitations on her claims. *Id.*

Defendants oppose Samudio's motion to expedite, arguing that "Plaintiff's counsel believes there is confusion as to the identity of the parties that he wants to clear up by way of the depositions before the statute runs," but it is Plaintiff's

1

"conscious indifference" that led to the timing issue. Dkt. 19, at 3. Defendants point out that Plaintiff filed her Original Petition on August 31, 2021, but did not request summons until February 17, 2023, and therefore did not attempt to determine the proper parties for a year and a half. *Id.* at 3.

The Local Court Rules of the U.S. District Court for the Western District of Texas do not address the procedures or standards for filing a motion for expedited hearing on a discovery motion. However, courts within the Fifth Circuit have largely coalesced around the "good cause" standard for district courts to use in determining when expedited discovery is appropriate. *See, e.g., Grae v. Alamo City Motorplex, LLC*, No. 5:18-CV-664-DAE, 2018 WL 4169309, at *3 (W.D. Tex. July 2, 2018) (collecting cases); *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-0808, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (same). Under the "good cause" standard for expedited discovery, "courts often consider (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Grae,* 2018 WL 4169309, at *3 (internal citations and quotation marks omitted). The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrowly tailored in scope. *Id.*

The undersigned finds that Samudio has not met her burden of showing good cause. She merely states her desire to conduct the requested depositions before the

expiration of the statute of limitations and declares "as such, good cause exists to grant the expedited hearing." Dkt. 18, at 2. She does not address the burden on the defendant, nor explain why the depositions must take place before the expiration of the statute of limitations. Samudio's Motion for Expedited Hearing Plaintiff's to Compel Defendants' Depositions, Dkt. 18, is **DENIED**.

SIGNED July 17, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE